# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                          Criminal Action No. 2:13cr18

**SCOTT ALLEN GREENWALT,**

    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Scott Allen Greenwalt, in person and by counsel, Brian J. Kornbrath, appeared on May 29, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Three of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was

signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, William Scott Allen Greenwalt, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging him with aiding and abetting in the attempted manufacture of methamphetamine. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of his guilty plea. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony, or drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant further understood he would voluntarily abandon to the West Virginia State Police all right, title, interest, and claim to the items listed in the Evidence Log Sheet at discovery page 235, the List of Exhibits at discovery page 249, the list of meth components at discovery page 251, and the Property Receipt at discovery page 354.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Kornbrath discuss and do you understand from that discussion that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals in Richmond, West Virginia, within 14 days of the District Judge announcing what your actual sentence will be?

Def: Yes, sir.

| | |
|---|---|
| Ct: | Did you and Mr. Kornbrath discuss and do understand from that discussion that you may collaterally attack or challenge the sentence and how it is being carried out by filing a motion under 28 USC section 2255, commonly called a writ of habeas corpus motion? |
| Def: | Yes, sir. |
| Ct: | Under your plea agreement, did you discuss with Mr. Kornbrath and under paragraph 14, that if the actual sentence you receive from the District Judge is consistent with a guideline sentence with a total adjusted guideline level of 23 or lower, then you give up your right to appeal that sentence, and you give up some of your right to collaterally attack or challenge that sentence by filing a motion under 28 USC section 2255? |
| Def: | Yes, sir. |
| Ct: | Did you fully understand paragraph 14 and the limited waiver of your direct appeal and collateral attack rights as provided in that waiver? |
| Def: | Yes, sir. |
| Ct: | Do you need any additional time to discuss that with your attorney before I move on? |
| Def: | No, sir. |

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Three of the Indictment,

the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Three of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant also understood that even if the Court recommends he be admitted into the Residential Drug Abuse Program, this was only a recommendation that does not bind the Bureau of Prisons.

The undersigned then reviewed with Defendant, and determined that Defendant understood and agreed that, although the parties had stipulated that the shake and bake method of cooking methamphetamine had been used, and although they had stipulated that method involves the use of dangerous chemicals and is highly explosive, the parties do not agree whether the offense created a substantial risk of harm to human life and/or to the environment. Defendant understood and agreed that it will therefore be up to the District Judge to decide whether the offense created such a substantial risk.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that,

5

even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Scott Allen Greenwalt, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment.

The Court heard the testimony of West Virginia State Trooper First Class Kessel, who testified he is assigned to the Bureau of Criminal Investigations, and is clandestine lab certified. Trooper Kessel testified that on September 4, 2012, he was called by another State Trooper who had conducted a traffic stop on the vehicle in which Defendant was a passenger. That officer suspected the vehicle contained a meth lab, and got written consent to search the vehicle. The driver of the vehicle was Defendant's co-defendant, Michelle Stocking. A search of Defendant himself revealed methamphetamine on his person. Defendant made a statement to police that there was a meth lab in the vehicle. Upon searching, the officers found two clear bottles containing an active methamphetamine lab under the front passenger seat of the vehicle. They also seized other items consistent with a shake and bake methamphetamine lab. Board of Pharmacy records which indicated Defendant had purchased pseudoephedrine consistent with Counts 5 through 10 of the Indictment. The West Virginia State Police Laboratory confirmed the presence of methamphetamine in the bottles seized from the vehicle, and also confirmed the substance on Defendant's person was methamphetamine.

Defendant stated he heard, understood and agreed with Trooper Kessels' testimony. Based upon which, the undersigned finds Defendant's plea of guilty to the offense charged in Count Three of the Indictment is supported by the testimony of Trooper Kessel.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Three of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Kessel, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Three of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: May 30, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE