# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                    Criminal Action No. 2:13cr18

**MICHELLE LEE STOCKING,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Michelle Lee Stocking, in person and by counsel, Dorwin Wolfe, appeared on May 29, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Four of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with her understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver

and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Michelle Lee Stocking, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Four of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting in the possession of materials used in the manufacture of methamphetamine. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of

guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of her guilty plea. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct: Did you discuss with Mr. Wolfe and did you understand from that discussion that under paragraph 14 of your written plea agreement if the District Judge's actual sentence is consistent with a guideline-calculated sentence which has a total adjust offense level of 21 or lower, then you are giving up, waiving, your right that you had to directly appeal your conviction and sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's oral announcement of your sentence, pursuant to Title 18 United States Code, Section 3742?

Def: Yes, sir.

Ct: And you're further giving up or waiving your right to challenge the sentence collaterally in the manner in which it was determined under 28 USC section 2255, is that correct?

Def: Yes, sir.

Ct: And you intended to give up those valuable direct appeal rights and collateral attack rights as set forth in paragraph 14 of your written plea agreement?

Def: Yes, sir.

Ct: Now, what that means as a practical matter, Ms. Stocking, and I'm not trying to beat you with it, but I want you to understand as a practical matter, while you're sitting in jail, or awaiting designation to go to jail, if you file an appeal or if you file a writ of habeas corpus motion, the Court is entitled to look at the record of this proceeding, the record of your sentencing hearing, and if the court determines in reviewing whatever you filed that your actual sentence was the same as or the equivalent of a guideline-calculated sentence with a total adjusted guideline level of 21 or lower, the court can throw out your direct appeal, the court can throw out your collateral attack or challenge, without giving you a further opportunity to be heard. Do you understand that?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Four of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Four of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained

within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted. Defendant in particular understood that, although she and the government had stipulated that the shake and bake method of manufacturing methamphetamine had been used, and that the chemicals used in this process, if not properly stored, could be toxic and dangerous, the parties would leave for the District Judge to determine if the facts of her case are extraordinary enough to trigger the application of the "risk" enhancement in Guideline 2D1.1(b)(13).

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Michelle Lee Stocking, with the consent of her counsel, Dorwin Wolfe, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Four of the Indictment.

5

The Court heard the testimony of West Virginia State Trooper First Class Kessel, who testified he is assigned to the Bureau of Criminal Investigations, and is clandestine lab certified. Trooper Kessel testified that on September 4, 2012, he was called by another State Trooper who had conducted a traffic stop on the vehicle which Defendant was driving. Defendant's co-defendant Allen Greenwalt was a passenger in that vehicle. That officer suspected the vehicle contained a meth lab, and got written consent to search the vehicle. Upon searching, the officers found two clear bottles containing an active methamphetamine lab under the front passenger seat of the vehicle. They also seized other items consistent with a shake and bake methamphetamine lab. Board of Pharmacy records indicated Defendant had purchased pseudoephedrine consistent with Counts 12 through 16 of the Indictment. The West Virginia State Police Laboratory confirmed the presence of methamphetamine in the bottles seized from the vehicle.

The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Four of the Indictment is supported by the testimony of Trooper Kessel.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Four of the Indictment; Defendant understood the consequences of her plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Four of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Kessel, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Four of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Four of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

Defendant requested modification of her conditions of release to allow her contact with her boyfriend, co-defendant Greenwalt. That request has been taken under advisement pending further information.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: May 30, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE